NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MIKE SIMONETTI,

      Plaintiff,

      v.

LINDSEY KRAMER/HOAG, *et al.*,

      Defendants.

Civil Action No. 26-1210 (MAS) (RLS)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Mike Simonetti's ("Plaintiff") Motion for a Temporary Restraining Order (the "TRO"). (Pl.'s Mot. for TRO, ECF No. 3.) Defendant Lindsey Kramer/Hoag ("Defendant") opposed Plaintiff's motion. (Def.'s Opp'n Br., ECF No. 8.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court denies Plaintiff's motion.

Plaintiff seeks a TRO to "halt the ongoing enforcement and reliance upon state-court orders entered without subject-matter jurisdiction and procured through coercive deprivation of liberty and property" to "preserve the status quo" of a property located at 1058 Center Street, Little Egg Harbor, New Jersey (the "Property"). (First Am. Compl. ("FAC") ¶¶ 1-2, 8, ECF No. 9-1.)[1] Plaintiff alleges that because he and Defendant were "never married and never entered into a civil union or domestic partnership," the New Jersey state court did not have "domestic-relations

---

[1] Plaintiff filed a Complaint with his Motion for a TRO on February 6, 2026. (*See generally* Compl., ECF No. 1.) Plaintiff thereafter filed the FAC on February 10, 2026. (*See generally* FAC.) For the purposes of deciding Plaintiff's motion, the Court considers the FAC as the operative complaint.

jurisdiction under New Jersey law" and therefore "lacked subject matter-jurisdiction . . . to adjudicate Plaintiff's property rights or enter orders restraining or affecting Plaintiff's real property." (*Id.* ¶¶ 10, 12.) Plaintiff further alleges that: (1) he was previously incarcerated, which Defendant used as coercive leverage to compel waiver of his property rights (*id.* ¶¶ 14-17); and (2) Defendant "acknowledg[ed] that she had no lawful entitlement to" the Property "because the parties were never married" but "asserted leverage through" the "state proceedings" becoming a "willful participant in joint activity with state actors, rendering her conduct actionable under 42 U.S.C. § 1983" (*id.* ¶¶ 18-20). Plaintiff, accordingly, asserts three claims for relief: (1) deprivation of liberty without due process pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment ("Count One"); (2) deprivation of property without due process pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment ("Count Two"); and (3) prospective declaratory and injunctive relief to prevent enforcement of the "jurisdictionally void orders." (*Id.* ¶¶ 23-27.)

A preliminary injunction or TRO may be granted only if a plaintiff establishes that: (1) "[he is] likely to succeed on the merits of [his] claims"; (2) "[he is] likely to suffer irreparable harm without relief"; (3) "the balance of harms favors [him]"; and (4) "relief is in the public interest." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). The movant bears the burden of establishing "the threshold for the first two 'most critical' factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* "A plaintiff's failure to establish any element in [his] favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (citation omitted). As such, a court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient

to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. 1994) (citation omitted); *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in [his] favor, or the grant of a preliminary injunction is inappropriate."). "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted).

Here, Plaintiff has not demonstrated a likelihood of success on the merits. First, the FAC generally mentioned "[a]ny and all persons acting in concert or participation with Defendant[,]" but specifically named only one individual Defendant—who is clearly not a state actor and is thus not liable under Section 1983. (*See generally* FAC; *see also id.* ¶ 10 ("Plaintiff was never married to the opposing *private party*" (emphases added)); *Allen v. Freedom Mortg. Corp.*, No. 25-15839, 2025 WL 3502943, at *2 (D.N.J. Dec. 5, 2025) ("Private citizens and entities that are not state actors cannot be subject to liability under § 1983."); *Liu v. Lu*, No. 23-3819, 2024 WL 2750817, at *8 (D.N.J. May 29, 2024) ("[A] private citizen cannot be subject to liability under § 1983 (citation modified)).

Second, this matter relates to an ongoing state proceeding. (*See, e.g.*, FAC ¶ 21 ("The challenged orders continued to . . . caus[e] ongoing and irreparable harm to Plaintiff's property interests"). There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances[.]" *Tobia v. Lakewood Bd. of Educ.*, No. 16-4850, 2017 WL 1206010, at *4 (D.N.J. Mar. 31, 2017) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Such extraordinary circumstances do not exist here. (*See generally* FAC.) Because the Property, Plaintiff, and Defendant are already

involved in a New Jersey state court proceeding, this Court is unlikely to interfere, and Plaintiff has therefore failed to demonstrate a likelihood of success on the merits. *See Dovin v. Chester Cnty. Dep't of Aging Servs.*, No. 23-3175, 2023 WL 5651983, at *5 (E.D. Pa. Aug. 31, 2023) (denying TRO and invoking *Younger* abstention based on ongoing state proceeding); *Gonora v. Off. of Child Support Servs.*, No. 18-3793, 2019 WL 13271888, at *1 (D.N.J. Mar. 21, 2019) (dismissing complaint "[b]ecause th[e] matter [was] the subject of an ongoing state court proceeding), *aff'd sub nom.*, *Frederick of Fam. Gonora v. Off. of Child Support Servs.*, 783 F. App'x 250 (3d Cir. 2019). Accordingly,

IT IS, on this 12th day of February 2026, **ORDERED** as follows:

1. Plaintiff's Motion for a TRO (ECF No. 3) is **DENIED.**

2. Plaintiff's Verified Motion to Expand TRO (ECF No. 10) is **DENIED.**[2]

3. Within **fourteen (14) days** from entry of this Order, Plaintiff shall **SHOW CAUSE** in writing as to why the FAC should not be dismissed with prejudice on the grounds that this Court lacks subject matter jurisdiction.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff filed a Verified Emergent Motion to Expand TRO ("Motion to Expand") (ECF No. 10) on February 11, 2026, listing the Ocean County Clerk (Recording Office), Ocean County Sheriff, and John/Jane Does 1-25 as defendants. A complaint, however, is not amended via such a motion. Therefore, based on the reasoning articulated in this Memorandum Order, the Court also denies Plaintiff's Motion to Expand. (ECF No. 10.)