**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MIKE SIMONETTI,<br>Plaintiff,<br>v.<br>LINDSEY KRAMER/HOAG, *et al.*,<br>Defendants. | Civil Action No. 26-1210 (MAS) (RLS)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Lindsey Kramer/Hoag's ("Defendant") Motion to Dismiss (Mot. to Dismiss, ECF No. 12) Plaintiff Mike Simonetti's ("Plaintiff") First Amended Complaint ("FAC") (FAC, ECF No. 9). Plaintiff did not respond. The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's motion.

Plaintiff filed a Complaint and Motion for a Temporary Restraining Order ("TRO") against Defendant "individually, and ANY AND ALL PERSONS OR ENTITIES ACTING IN CONCERT OR PARTICIPATION WITH DEFENDANT." (Compl., ECF No. 1; TRO, ECF No. 3.) Plaintiff thereafter filed a First Amended Complaint. (First Am. Compl. ("FAC"), ECF No. 9-1.) Plaintiff seeks prospective declaratory and injunctive relief to "halt the ongoing enforcement and reliance upon state-court orders entered without subject-matter jurisdiction and procured through coercive deprivation of liberty and property" regarding a property located at 1058 Center Street, Little Egg Harbor, New Jersey. (*Id.* ¶¶ 1, 8.) Plaintiff references "ongoing state proceedings" (*id.* ¶ 19), and alleges that Defendant, a "private party," exploited "state custody, court orders, and enforcement mechanisms to obtain property interests she was . . . not entitled to" in conjunction with state actors

(*id.* ¶ 20). Plaintiff asserts three causes of action: (1) deprivation of liberty without due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 ("Count One"); (2) deprivation of property without due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 ("Count Two"); and (3) prospective declaratory and injunctive relief pursuant to *Ex Parte Young* ("Count Three"). (*Id.* ¶¶ 23-27.)

This Court issued a Memorandum Order denying Plaintiff's Motion for a TRO on February 12, 2026. (Mem. Order, ECF No. 11.) In the Memorandum Order, the Court ordered Plaintiff to show cause as to why the FAC should not be dismissed due to lack of subject matter jurisdiction. (*Id.* at 4.) Plaintiff responded and filed a Motion for Leave to File a Second Amended Complaint ("Motion for Leave"), purporting to attach a proposed second amended complaint. (Mot. for Leave, ECF No. 18.) Plaintiff, however, failed to attach a second amended complaint. (*See generally id.*) The Court, accordingly, denied Plaintiff's Motion for Leave but permitted Plaintiff to file a subsequent motion for leave to amend with a properly attached proposed second amended complaint. (Text Order, ECF No. 20.) Plaintiff did not file a second motion.

Defendant moves to dismiss Plaintiff's FAC for, among other things, the fact that she is not a state actor. (*See generally* Def.'s Mot. to Dismiss.) "[F]ederal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction." *Allen v. Freedom Mortg. Corp.*, No. 25-15839, 2025 WL 3502943, at *1 (D.N.J. Dec. 5, 2025) (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)). Plaintiff alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because his claims arise under 42 U.S.C. § 1983. (FAC ¶ 4.) "Section 1983 provides private citizens with a means to redress violations of federal law committed by *state individuals*." *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180

(3d Cir. 2013) (emphasis added). Private individuals, however, cannot be held liable under Section 1983. *Flex v. Allentown Police Pension Fund Ass'n*, No. 24-6601, 2025 WL 1426967, at *3 (E.D. Pa. May 14, 2025). Defendant, who is a private party (*see* FAC ¶ 20), is therefore not subject to suit under Section 1983. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (stating that a private citizen cannot be subject to liability under Section 1983); *Liu v. Lu*, No. 23-3819, 2024 WL 2750817, at *8 (D.N.J. May 29, 2024) (same). Plaintiff has therefore failed to state a claim against Defendant.

The FAC also names "any and all persons acting in concert or participation with defendant[.]" (*See generally* FAC (citation modified).) Although courts may "allow claims based upon 'fictitious' defendants because they may be found and named later through the discovery process, where a plaintiff has failed to plead facts sufficient to sustain a claim against any defendant, claims against these fictitious defendants will be dismissed as well." *Madlinger v. LexisNexis Risk Sols. Inc.*, No. 23-2582, 2024 WL 3219495, at *4 (D.N.J. June 28, 2024) (citation modified) (quoting *K.J. ex rel. Lowry v. Div. of Youth & Family Servs.*, 363 F. Supp. 2d 728, 740 (D.N.J. at 2005)). Accordingly,

**IT IS**, on this 3rd day of August 2026, **ORDERED** as follows:

1. The Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 12).
2. Plaintiff's FAC (ECF No. 9) is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of the Court shall close this case.

4. Within **forty five (45) days** of entry of this Order, Plaintiff may file an amended complaint to correct the identified deficiencies, at which time the Clerk of Court shall reopen this matter.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**